UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE infringer using )<br>IP address 45.46.120.96, )<br>)<br>Defendant. )<br>) | Civil Case No.: 1:19-cv-00964-NAM-ML<br><br>Judge: Norman A. Mordue |

### ORDER ON MOTION FOR LEAVE TO SERVE
### THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1.  Plaintiff established that "good cause" exists for it to serve a third-party subpoena on Spectrum (hereinafter the "ISP"). *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Briggs & Stratton Corp. v. Chongquing RATO Power Co.*, No. 5:13-CV-0316 (LEK/ATB), 2013 U.S. Dist. LEXIS 196222 at * 3 (N.D.N.Y. Apr. 25, 2013) (same); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013) (same).

2.  Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the name and address of the subscriber to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the subscriber.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

6. Any scheduled Initial Rule 16 Scheduling Conference is hereby adjourned. A Rule 16 Scheduling Conference will be scheduled after a Defendant is named and served with specificity.

**DONE AND ORDERED** this 30th day of August, 2019.

By: *Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge