## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Case No. 1:19-CV-964 [NAM/ML] |
| | ) | |
| JOHN DOE subscriber using | ) | |
| IP address *45.46.120.96,* | ) | Judge: Norman A. Mordue |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF MOTION

PLEASE TAKE NOTE that on September 30, 2019, or as soon thereafter, as I may be heard, the undersigned shall appear before the Honorable Court and shall present the following motion: <u>MOVANT JOHN DOE'S MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER WITH MEMORANDUM AND BRIEF IN SUPPORT</u>.  Defendant will also respectfully request to reschedule any conference date until after plaintiff is served.

Respectfully submitted,

 /s/ Robert J. Rock, Esq.
Robert J. Rock, Esq.
NNY Bar No. 601122
Mario Cometti, Esq.
NNY Bar No. 506910
Managing Partner
Tully Rinckey, PLLC
441 New Karner Road
Albany, NY 12205
(518) 218-7100 Phone
(518) 218-0496 Fax
E-mail: rrock@tullylegal.com
E-mail: mcometti@tullylegal.com

*Attorneys for the Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Case No. 1:19-CV-964 [NAM/ML] |
| ) | |
| JOHN DOE subscriber using ) | |
| IP address *45.46.120.96,* ) | Judge: Norman A. Mordue |
| ) | |
| Defendant. ) | |
| ) | |

## MOVANT JOHN DOE'S MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER WITH MEMORANDUM AND BRIEF IN SUPPORT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

LIST OF EXHIBITS

I.    INTRODUCTION

II.   STATEMENT OF FACTS

III.  STANDARAD OF REVIEW

IV.  ARGUMENTS AND AUTHORITIES

    A.  Plaintiff Has Failed to Establish that the Court Has Proper Jurisdiction Over the Defendant or Movant

    B.  The Court Must Quash or Modify a Subpoena in Violation of Rule 45 of the Federal Rules of Civil Procedure

    C.  Plaintiff Has Failed to Show Good Cause and Satisfy the Heightened Scrutiny Requirement for Privacy Invasion and *Ex Parte* Discovery

        1.  Plaintiff Has Not Made a *Prima Facie* Showing that Movant John Doe Committed Alleged Acts of Copyright Infringement Occurring in New York

        2.  Plaintiff Has Failed to Show the Subpoena Is Reasonably Likely to Identify the Infringer(s)

        3.  Plaintiff Is Not Entitled to Use the Federal Court System as a Convenient Tool for Coercing Early Settlements

V.   MOTION FOR PROTECTIVE ORDER

    A.  In the Alternative, Movant Requests the Court Issue a Protective Order.

VI.  CONCLUSION AND PRAYER

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

CASES

*Malibu Media v. John Doe,* 14-cv-20213-UNGARO, D.E. No. 10, Order to Show Cause.........

*EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.,* No. 12-cv-080082 LHK (PSG), 2012 WL 1980361 (N.D. Cal. June 1, 2012)..................................................................................

*Fiedling v. Hubert Burda Media,* 415 F.3d 419 (5th Cir. 2005)...........................................

*Clemens v. McNamee,* 615 F.3d 374 (5th Cir. 2010).........................................................

*Cable Electronics, Inc. v. North America,* No. 3:08-cv-0433-M, 2009 WL 2382561 (N.D. Tex. 2009).....................................................................................................................

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy centers, Inc.,* 334 F.3d 290 (4th Cir. 2003).....

*Base Metal Trading, Ltd. V. OJSC,* 283 F.3d 208 (4th Cir. 2002).......................................

*Celestial Inc. v. Swarm sharing Hash,* No. CV 12-00128 DDP (SSx), 2012 U.S. Dist. LEXIS61058 (C.D. Cal. May 1, 2012).................................................................................

*Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326 (S.D.N.Y. 2005)....................................

*Malibu Media, LLC v. Doe,* No. 15 CIV. 4369 AKH, 2015 WL 4092417 (S.D.N.Y. Jul 26, 2015)...................................................................................................................

*Sony Music Entertainment Inc. v. Does 1-40,* 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).......

*Combat Zone Corp. v. John/Jane Does 1-5,* No. 3:12-cv-4005-M, 2012 WL 5289736 (N.D. Tex. Oct. 23, 2012) (slip op.)...................................................................................................

*Columbia Ins. Co. V. Seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)....................

*Feist Publishing, Inc. v. Rural Tel. Serv. Co. Inc.,* 499 U.S. 3400, 361 (1991).......................

*In Re: BitTorrent Adult Film Copyright Infringement cases,* No. 11-cv-03995, 2012 WL 1570765, 2012 U.S. Dist. LEXIS 61477 (E.D.N.Y. May 1, 2012).....................................

*Media Products, Inc. v. Does 1-26,* No. 12 Civ. 2719, 2012 WL 2190613 (S.D.N.Y. June 12, 2012)...................................................................................................................

*Combat Zone Corp. v. John/Jane Does 1-34,* 12-cv-04133 (S.D.N.Y. May 30, 2012)..............

*Malibu Media, LLC v. Doe,* No. 1:14-cv-20213-UU, 2014 U.S. Dist. LEXIS 185324 (S.D. Fla. Mar. 4, 2014)...........................................................................................

*Malibu Media, LLC v. Does,* 1:14-cv-0223-MJG (D. Md. Feb. 26, 2015)..........................

*Media, LLC v. Doe,* 1:14-cv-0257-CCB (D. Md. Feb. 26, 2015).......................................

*Combat Zone Corp. v. John/Jane Does 1-5,* No. 4:12-cv-648-A (N.D. Tex. Sept. 20, 2012)........

*Pac. Century International, Ltd. V. Does 1-101,* No. C-11-02533 (DMR), 2011 WL 5117424 (N.D. Ca. Oct. 27, 2011)........................................................................................

*VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. April 29, 2011)......................................................................................................

*Mick Haig Productions E.K. v. Does 1-670*, 687 F.3d 649, 651 (5th Cir. 2012)......................

*K. Beech, Inc. v. Does 1-85,* No. 3:11-cv-469 JAG (E.D. Va. October 5, 2011).......................

*Malibu Media, LLC v. Does 1-24,* No. 12-cv-2070, 2012 WL 3400703 (D. Colo. Aug. 14, 2012)..............................................................................................................................

**FEDERAL STATUTES**

28 U.S.C. § 1391(b)...............................................................................................

28 U.S.C. § 1400(a)...............................................................................................

**RULES**

FED. R. CIV. P. 26.................................................................................................

FED. R. CIV. P. 34.................................................................................................

FED. R. CIV. P. 45.................................................................................................

## **EXHIBITS**

Ex. A      Original Complaint.

Ex. B      Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference and Incorporated Memorandum of Law.

Ex. C      Declaration of Patrick Paige, Appendix to Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference and Its Accompanying Memorandum of Points and Authorities.

Ex. D      Declaration of Tobias Fieser Appendix to Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference and Its Accompanying Memorandum of Points and Authorities.

Ex. E      Order Granting Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference.

Ex. F      Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

I.   **INTRODUCTION**

This case is one of many filed by Plaintiff Malibu Media seeking to obtain a defendant's private, personal information in order to initiate aggressive settlement action.  Similar to Plaintiff's other cases, Plaintiff rarely pursues a claim on the merits of the case, but aggressively pursues anonymous defendants into early settlement.

Movant is the registered internet subscriber of an IP address 45.46.120.96 that Plaintiff claims is associated with copyright infringement against its original works.  However, mere ownership of a subscription to internet services does not create association with copyright infringement.

Courts are reconsidering granting a plaintiff expedited discovery requests – especially when a plaintiff has failed to show good cause. Sister courts have found that "the Court could [not] rely on geolocation services to establish [sic] the identity of the [infringing Defendant]," *see Malibu Media v. John Doe,* 14-cv-20213-UNGARO, D.E. No. 10, Order to Show Cause (in which Judge Ungaro stated "[t]here is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos and establishing whether that person lives in this district.")  Judge Ungaro also noted that "[t]he federal courts are not cogs in a plaintiff's copyright-enforcement business model." *Id.*

It is important to note that the court in *Malibu Media v. John Doe* – Judge Ungaro determined that "while recognizing IP addresses are assigned to nodes connected to the internet, these nodes do not represent individual end-node/end-system devices and most certainly do not represent individual people." *Id.*  Meaning, personal computers, smartphones, televisions, and other high-tech wireless devices are digitally interconnected using the same or multiple Internet Protocol addresses or suites. *Id.*

As in this case, a public IP address may simply be a router to a subscriber's network connecting multiple users and devices to the same IP address. While these devices may also carry their own private IP addresses unknown to other users, locating these private IP addresses still does not verify the individual user operating the device.

This Court found good cause for issuing Plaintiff's subpoena, and now the Movant asks this Court to reconsider its prior finding and grant this motion to quash, or in the alternative, issue a protective order for the documents and information subpoenaed.

## II.   **STATEMENT OF FACTS**

On August 7, 2019, Plaintiff Malibu Media, LLC, (herein "Plaintiff") brought suit in the United States District Court for the Northern District of New York against Defendant John Doe, alleging multiple counts of copyright infringement. The IP address 45.46.120.96 was linked to the Movant who now moves to quash Plaintiff's subpoena, or in the alternative, moves for a Protective Order.

On August 18, 2019, Plaintiff filed an ex parte motion seeking permission to take expedited discovery from a third-party Internet Service Provider ("ISP"). Plaintiff's Motion was granted in this Court's Order on August 22, 2019.

Plaintiff served its subpoena on Charter Communications (also known as, and herein "Spectrum"), requesting the name and address of the registered subscriber for Internet Protocol address ("IP address") 45.46.120.96 on September 12, 2019. Spectrum then notified Movant, John Doe, of the information being subpoenaed. Movant has not been served with any complaint and does not waive the right to proper service.[1]

---

[1] Movant John Doe and the undersigned attorney are making a special, limited appearance only; this motion is not to be construed as a general appearance by either John Doe or the undersigned attorney. John Doe has not been subject to service of process in this action and does not intend to waive service of process.

## III.   STANDARAD OF REVIEW

Federal Rule of Civil Procedure 45 governs discovery of a non-party by subpoena.  The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 34. FED R. CIV. P. 45, Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); FED. R. CIV. P. 34(a) (A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense. FED R. CIV. P. 26(b)(1).

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. FED R. CIV. P. 45(c)(1).  In turn, the court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED R. CIV. P. 45(c)(2)(B)(ii).  The court must limit the discovery sought if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit. FED R. CIV. P. 26(b)(2)(C).

The court may modify or quash a subpoena that subjects a person to undue burden.  On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate the discovery sought is relevant. *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.,* No. 12-cv-080082 LHK (PSG), 2012 WL 1980361 (N.D. Cal. June 1, 2012).

## IV.   ARGUMENTS AND AUTHORITIES

### A. Plaintiff Has Failed to Establish that the Court Has Proper Jurisdiction Over the Defendant or Movant

Plaintiff has failed to show the court has proper personal jurisdiction over the Defendant or

Movant and proper venue.  Under 28 U.S.C. §1400(a), "the exclusive venue statute for copyright infringement, controls and permits venue to be laid in the district where the defendant resides or may be found."  A plaintiff "should meet its jurisdiction burden prior to discovery being issued, not after." *See, e.g., Fiedling v. Hubert Burda Media,* 415 F.3d 419, 429 (5th Cir. 2005) (stating that a "plaintiff's discovery request should be granted if the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contact.")

In the complaint, Plaintiff asserts "the Court has personal jurisdiction because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) engaged in substantial and not isolated business activity in this State." (Original Complaint ¶5.)

Further, Plaintiff alleges "venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant to 28 U.S.C. §1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District." *Id.* at ¶7.

Plaintiff has failed to plead jurisdictional facts for personal jurisdiction and venue. "Simply reciting personal jurisdiction requirements is not enough, nor are the assertions of naked legal conclusions; rather, Plaintiff must assert the factual basis underlying its claims." *See, e.g., Clemens v. McNamee,* 615 F.3d 374 (5th Cir. 2010) (holding that a "plaintiff bears the burden of establishing personal jurisdiction… and that burden is met by making [a] *prima facie* showing.") The factual background in Plaintiff's complaint provides conclusory statements and an explanation of BitTorrent file distribution. (*See* Original Complaint pp. 3-5.)

It is well within the district court's discretion to deny discovery requests where the plaintiff "offers only speculation" of jurisdiction; "fishing expeditions" into jurisdictional facts are strongly disfavored. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy centers, Inc.*, 334 F.3d 290 (4th Cir. 2003); *see also Base Metal Trading, Ltd. V. OJSC*, 283 F.3d 208 (4th Cir. 2002) (holding that a court can deny a discovery request if "the plaintiff simply wants to conduct a fishing expedition in the hopes of discover[ing] some basis of jurisdiction.")

In this case, Plaintiff's complaint also serves only to demonstrate the absence of proper jurisdiction. *Id.* Relying on the face of the complaint, Plaintiff has failed to identify a general or specific location for the IP address in question for proper jurisdiction. (*See* Original Complaint ¶5-7.)

In *Celestial Inc. v. Swarm sharing Hash,* the district court found such doubt sufficient to hold that the court lacked personal jurisdiction under the facts. *Celestial Inc. v. Swarm sharing Hash,* No. CV 12-00128 DDP (SSx), 2012 U.S. Dist. LEXIS 61058, at *4-5 (C.D. Cal. May 1, 2012). In *Celestial,* the court dismissed the case for lack of personal jurisdiction after it *sua sponte* ordered Plaintiff to show cause and Plaintiff responded by listing the general tools used by its investigator. The court stated there was a lack of personal jurisdiction when the geolocation tools relied upon by plaintiff did not always accurately identify the state in which the IP address was located.

Additionally, in *Celestial*, the plaintiff was faulted for its failure to provide the exact methodology used to determine the location, stating "[i]ndeed, despite this court's suggestion in its Order to Show Cause, Plaintiff has again failed to provide any test results or details regarding the specific geolocation tool that it used." *Id.* at *5.  In this case, Plaintiff's complaint fails to sufficiently provide the name, methodology (beyond generalizations), or any data from the test

results for the geolocation tool used.  While the declaration provided by Patrick Paige addresses

some generalities with regard to methods used to detect infringement, the vast majority of his

declaration is regarding his own professional background. *See* Declaration of Patrick Paige at

¶¶1-27, and 44-46.  He then discusses IPP International U.G.'s ("IPP") infringement detection

system, but again, his description is limited to his brief test of the system using only 4 computers.

*Id* at ¶28-36.  It is also important to note that this "test" took place on June 3, 2016 – more than

three years ago, an eternity in terms of technological advancement. *Id*. at ¶37.  Mr. Paige also

described technologies Malibu Media used in the past for previous litigation efforts, citing to a

method used in June 2013, which is completely irrelevant to the case at bar. *Id* at ¶43.

Mr. Tobias Fieser, an employee of IPP, does not provide much more in his Declaration in

terms of specific details regarding locating the individual behind the IP address. *See* Declaration

of Tobias Fieser generally ¶¶8-18.  He mentions that "although this Declaration, and Exhibit A to

the Complaint, shows only one individual exchange of data for each title, IPP routinely engages

in multiple exchanges per title in any case." *Id* at ¶18.  While it may be important to Malibu

Media's litigious business model, what IPP routinely finds is irrelevant to this specific case,

particularly since Plaintiff admits that their data shows only the one exchange. *Id*.  Mr. Fieser's

declaration spends quite a bit of time describing how BitTorrent works, but again, very little time

explaining IPP's methodology, shares little to no raw forensic data, and only vaguely mentions

IPP's "forensic activity logs" but only discusses his conclusions based on the data he claims he

saw, and does not share the data itself. *Id* at ¶8-12, and 17-18.  Further it is troubling that at the

end of his Declaration, Mr. Fieser states that the IP address in question is "associated with

significant long term BitTorrent use," yet his very own declaration also states "only one

individual exchange of data for each title [was found]." *Id* at ¶21 and 18, respectively.  When

11

combined with the other information provided in the Complaint about this IP address, which shows BitTorrent activity on only 8 occasions over less than a two month period in early summer 2019, it is unreasonable that Mr. Fieser would consider that "significant long term use." It seems his declaration has simply been repurposed so many times by Plaintiff's attorneys throughout thousands of lawsuits across the country in pursuit of Plaintiff's litigation business model that they have now distorted his statement to the point that it may no longer apply to the case at hand.

Plaintiff's complaint has completely failed to identify the source, means or method in which the geolocation for the IP address is determined. Further, Plaintiff states in its complaint that the Maxmind® Premium database was used to determine the IP's geolocation. Yet, plaintiff does not provide, through declaration or otherwise, the methodology of how the database is used to locate the IP address, any testing provided for accuracy, or state the IP address's general location.

Akin to *Celestial*, Plaintiff has only offered conclusory evidence of their alleged location without providing details regarding the tools used or when and by whom the investigation was conducted. This Court should rule similar to the court in *Celestial*, determining that Plaintiff has failed to show this Court has personal jurisdiction and proper venue over the case. As such, Movant requests the Court to act *sua sponte* granting the motion to quash.

## B. Plaintiff Has Failed to Show Good Cause and Satisfy the Heightened Scrutiny Requirement for Privacy Invasion and *Ex Parte* Discovery

The Movant asks the Court to act *sua sponte* and grant the motion to quash based on Plaintiff's failure to show good cause, or in the alternative issue a protective order against Plaintiff's subpoena. An expedited discovery request made under Rule 26(d)(1) of the Federal Rules of Civil Procedure requires a showing of good cause to warrant pre-conference discovery.

Ordinarily, "a party may not seek discovery from any source before the parties have

12

conferred as required by Rule 26(f), except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B)(1) or when authorized by these rules, by stipulation, or by court order." FED R. CIV. P. 26(d)(1). The Court can order earlier discovery if the party seeking discovery shows "good cause." *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326 (S.D.N.Y. 2005); *Malibu Media, LLC v. Doe,* No. 15 CIV. 4369 AKH, 2015 WL 4092417, at *1 (S.D.N.Y. Jul 26, 2015).

In order to determine if "[a] plaintiff's case warrants the discovery of private information courts weigh several factors, including the: (1) concrete showing of a *prima facie* claim of actionable harm; (2) specificity of the discovery request; (3) absence of alternative means to obtain the subpoenaed information; (4) need for the subpoenaed information to advance the claim; and (5) the opposing party's expectation of privacy." *See Sony Music Entertainment Inc. v. Does 1-40,* 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004); *see also, Combat Zone Corp. v. John/Jane Does 1-5,* No. 3:12-cv-4005-M, 2012 WL 5289736 (N.D. Tex. Oct. 23, 2012) (slip op.), at *1.

A motion for expedited discovery prior to service against the defendant is subjected to a heightened standard of review so that Plaintiffs are not permitted to use the federal court system as a means to further harass[…] or intimidat[e]," "but only where plaintiff has 'in good faith' exhausted traditional avenues for identifying a civil defendant pre-service." *Columbia Ins. Co. V. Seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

1. Plaintiff Has Not Made a *Prima Facie* Showing that Movant John Doe Committed Alleged Acts of Copyright Infringement Occurring in New York

Plaintiff has not established a *prima facie* copyright infringement claim.  A copyright infringement claim requires "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publishing, Inc. v. Rural Tel. Serv. Co. Inc.,* 499 U.S. *3400, 361* (1991).

Plaintiff purports ownership of the alleged infringed works.  However, Plaintiff has failed to plead sufficient plausible facts to show it was Movant's actions that copied or infringed the copyrighted works.  Plaintiff has only plead facts that lead to a general internet source without providing a reasonable belief that the Defendant resides or can be found at the IP address. "The assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous. *In Re: BitTorrent Adult Film Copyright Infringement cases,* No. 11-cv-03995, 2012 WL 1570765, 2012 U.S. Dist. LEXIS 61477 (E.D.N.Y. May 1, 2012).  The same application of law is warranted under the given facts presented in this case.

Plaintiff's complaint refers to the Defendant only by association of the IP address 45.46.120.96 (Original Complaint.) Movant is the registered subscriber for the IP address which traces back to Movant's Internet Service Provider's modem/router, not an exact computer or device.  Establishing the Movant's identity as the internet subscriber for a wireless modem/router's IP address does not amount to acts of infringement.  Furthermore, Movant resides in a duplex with shared internet access.  Until notification was received from Spectrum regarding this lawsuit, that internet access was not password protected.

   2. Plaintiff Has Failed to Show the Subpoena Is Reasonably Likely to Identify the Infringer(s)

The Subpoena is not tailored to identify the infringed user, and Plaintiff has failed to show the subpoena is reasonably likely to identify the Defendant who copied the constituent elements of the copyrighted work. *See Media Products, Inc. v. Does 1-26,* No. 12 Civ. 2719, 2012 WL 2190613, at *1 (S.D.N.Y. June 12, 2012)(stating "A single IP address can host not one but multiple devices, from computers to mobile phones"); *Combat Zone Corp. v. Does 1-34,* 12-cv-04133 (S.D.N.Y. May 30, 2012)(stating that given the rise of wireless networks the accuracy

14

of the 'geopolitical data' is largely diminished.)

The Movant in this case is not the sole user of IP address 45.46.120.96, nor does the Movant have complete control over users' access to the IP address.  Further, the Movant lives in a duplex, and thus has close proximity to neighbors who use the same IP address.  As one U.S. District Court put it, "even if this IP address is located within a residence, the geolocation software cannot identify who has access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright." *See Malibu Media, LLC v. John Doe,* No. 1:14-cv-20213-UU, 2014 U.S. Dist. LEXIS 185324, at *4-5 (S.D. Fla. Mar. 4, 2014) (inferring that an account holder is the infringer or is able to identify the infringer is not a sufficient basis to grant a subpoena.)

Plaintiff relies on the Declaration of Patrick Paige, a computer forensic expert and tester for Plaintiff's data collections systems, to support the contentions that the IP address provided in the Subpoena will lead to the infringing party. (*See* Declaration of Patrick Paige.)  In Mr. Paige's declaration he admits there is one instance in which the infringing party was not the same person as the identified defendant owning the IP address. *Id.* at ¶22-23.  In this instance, Mr. Paige states "the Wi-Fi connection was not password protected and the offender was a neighbor behind the residence. *Id.*  As stated above, Movant is not the sole user at the residence for the IP address, and lives in close proximity to neighbors – indeed, they share a single wall dividing their homes.

Further, in an email dated March 6, 2014 at 8:28pm, Plaintiff's then counsel in another similar suit stated the following after Plaintiff dismissed the case, "Our investigation on this case has revealed that your client may be living with roommates who could be responsible for the infringement." *See Malibu Media, LLC v. Does,* 1:14-cv-0223-MJG (D. Md. Feb. 26, 2015); *Media, LLC v. Doe,* 1:14-cv-0257-CCB (D. Md. Feb. 26, 2015). Plaintiff's admission suggests

they are aware that their methods of simply identifying an IP address and obtaining a subpoena may not lead to finding the alleged infringer. In this case, such methods are not reasonably likely to identify Movant as the infringing party. For the reasons stated above, Movant urges the Court to grant the motion to quash.

3. Plaintiff Is Not Entitled to Use the Federal Court System as a Convenient Tool for Coercing Early Settlements

Unfortunately, this case, like many others, was filed not to right a wrongful copyright infringement claim, but to coerce early settlement from any defendant the IP address identifies. Plaintiff has filed hundreds of similar suits against anonymous defendants with very few, if any, of the cases completing the Rule 26(f) Conference. In fact, the complaint filed in this case is strikingly similar to many of Plaintiff's other complaints filed over the past several years, making it seem abundantly clear that the motive is anything other than protecting a copyright.[2] Although the owner of Malibu Media, Colette Pelissier, claims in her declaration that her "intention in bringing these lawsuits is not to cause financial hardship but instead to deter infringement and be compensated for the intentional theft of its videos," the company's practices indicate otherwise. *See* Declaration of Colette Pelissier at ¶19. In fact, a recent lawsuit filed by

---

[2] As one reporter described it, "The courts are cracking down on porn vendors that file thousands of lawsuits against people for downloading and trading racy films on home computers, using tactics a judge called a "high tech shakedown." The pornography companies have "a business model that seeks to profit from litigation and threats of litigation rather than profiting from creative works," said Mitch Stoltz, a senior attorney with the Electronic Frontier Foundation, a San Francisco group that has waged a campaign against companies it thinks abuse the copyright system. "Two companies that make and sell porn are responsible for almost half of the 3,404 copyright lawsuits filed in the U.S. in the first seven months of this year, according to an analysis by Bloomberg Law's Tommy Shen. Malibu Media LLC, […] has filed some 8,000 lawsuits nationwide since 2012." The companies "don't take any measures to try to stem the tide of piracy; instead, they try to profit from the piracy." The companies target users in wealthier areas and tend to go after any adult male in the house "since they assume that only men view and download porn," said lawyer Leslie Farber of Montclair, N.J., who has handled about 150 cases filed by the two companies. Last December, though, District Judge Royce Lamberth in Washington balked at Strike 3's request for an order, saying he "will not accept the risk of misidentification" and that the flood of lawsuits smacks of "extortion." Strike 3 "treats this court not as a citadel of justice, but as an ATM," Lamberth said. "Its feigned desire for legal process masks what it really seeks: for the court to oversee a high-tech shakedown. This court declines."

Plaintiff's financiers suggests that Malibu Media's mass litigation strategy has generated over $26.5 million in recent years.[3]  If it were true that Plaintiff's main concern is stopping the infringement, it would be doing more to stop the problem at the root.  While Ms. Pelissier touts the "significant resources" used to pursue anti-piracy enforcement, such as Digital Millennium Copyright Act ("DMCA") takedown notices, she also acknowledges that those notices are not effective. *See* Declaration of Colette Pelissier at ¶21.

The Defendant in this case is quite unique.  Not only is he currently battling stage IV lung cancer, but he shares a duplex with another family and his common-law spouse.  Further, despite the Plaintiff's protestations that the person at this IP address is a repeat offender, Plaintiff is only able to provide 8 times over the course of less than 2 months that the individual responsible for the infringement actually infringed.

District courts are facing a steady increase in suits brought by pornography litigants seeking expedited discovery to implement abusive settlement tactics which risk misidentifying defendants. *See, e.g., Combat Zone Corp. v. John/Jane Does 1-5,* No. 4:12-cv-648-A (N.D. Tex. Sept. 20, 2012); *Pac. Century International, Ltd. V. Does 1-101,* No. C-11-02533 (DMR), 2011 WL 5117424 (N.D. Ca. Oct. 27, 2011); *VPR Internationale v. Does 1-1017,* No. 11-2068, 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. April 29, 2011).  As the district court in *Mick Haig Productions E.K.* acknowledged, pornography litigants have transformed the federal courts' subpoena power from a bona fide state-sanctioned inspection into a private snooping." *Mick Haig Productions E.K. v. Does 1-670,* 687 F.3d 649, 651 (5th Cir. 2012).

This case is also presented in the form of those resembling others filed across the country by Plaintiff and other pornography litigants.  Akin to those, Plaintiff is using this Court to generate

---

[3] *See* https://www.hollywoodreporter.com/thr-esq/malibu-media-litigious-porn-studio-sued-allegedly-cheating-financiers-1231192.

low-cost litigation and settlements.  Plaintiff is litigious and has filed numerous suits against

anonymous defendants to coerce settlement and supplement its failing business model.

## V.   **MOTION FOR PROTECTIVE ORDER**

### A. In the Alternative, Movant Requests the Court Issue a Protective Order.

Plaintiff's aim is to remove Movant's anonymity as a ploy for settlement;[4] as such, Movant

seeks protection from the Court.  Under FED R. CIV. P. 26(c), the Court may, for good cause,

issue an order to protect a party or person from "annoyance, embarrassment, oppression, or

undue burden or expense." FED R. CIV. P. 26(c).

The disclosure of Movant's identifying information would subject the Movant to annoyance,

harassment, embarrassment, oppression, and undue burden.  Disclosure of Movant's private

information will also subject him to Plaintiff's abusive and unwarranted settlement attempts.

The request for Movant's personal information is an undue burden when a subpoena's primary

function is to extract money from numerous individuals instead of obtaining the information for

litigation use.

This Case, like many others, seeks to identify subscribers to force a settlement through the

embarrassment of being named in this type of lawsuit.  Many courts recognize the recent Doe-

affiliated settlement cases, in which "plaintiffs have used the offices of the Court as an

inexpensive means to gain the Doe defendants' personal information and coerce payment from

them." *K. Beech, Inc. v. Does 1-85,* No. 3:11-cv-469 JAG (E.D. Va. October 5, 2011). Even if

Plaintiff had a legitimate claim, its interest does not outweigh the Movant's interests and the

Court may continue the proceedings with Defendant/Movant remaining anonymous.

For these reasons, the Movant's identifying information is not relevant to the litigation and

---

[4] Had this not been the case, the Plaintiff's counsel would have responded to one of the phone calls or emails sent by Defendant's counsel over the last week of September 2019.  Instead, Plaintiff's counsel chose to ignore all of these.

disclosure of the same would subject the movant to multiple harassing demands for settlement

from Plaintiff. As well as undue expenses, including attorney fees, to ward off plaintiff's

harassment. Therefore the movant respectfully requests the Court grant this motion and enter a

protective order for Defendant's identity to remain anonymous pursuant to FED R. CIV. P. 26(c).

## VI.   CONCLUSION AND PRAYER

Plaintiff has failed to show "good cause" for the expedited discovery because it couldn't

establish a prima facie claim.  Further, its claim that there is no alternative means of obtaining

the desired information is inadequate.  Plaintiff's third-party subpoena unduly burdens the

Movant because Movant will be an innocent victim of Plaintiff's systematic attempt to leverage

settlement without valid claims or an intent to bring the case to trial.


Respectfully submitted,


/s/ Robert J. Rock, Esq.
Robert J. Rock, Esq.
NNY Bar No. 601122
Mario Cometti, Esq.
NNY Bar No. 506910
Managing Partner
Tully Rinckey, PLLC
441 New Karner Road
Albany, NY 12205
(518) 218-7100 Phone
(518) 218-0496 Fax
E-mail: rrock@tullylegal.com
E-mail: mcometti@tullylegal.com

*Attorneys for the Defendant*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Case No. 1:19-CV-964 [NAM/ML] |
| | ) | |
| JOHN DOE subscriber using | ) | |
| IP address *45.46.120.96,* | ) | Judge: Norman A. Mordue |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOVANT JOHN DOE'S MOTION TO PROCEED ANONYMOUSLY

Now Comes JOHN DOE subscriber assigned to IP Address 45.46.120.96 ("Doe"), by and through counsel, who moves this Court for leave to proceed anonymously.  In support of his/her Motion, Doe states to the Court as follows:

## I.  INTRODUCTION

Based on unsuccessful attempts to communicate with counsel for Malibu Media on multiple dates, but most recently on September 27, 2019, we are unable to state conclusively whether this motion is unopposed.[5]  However, even if unopposed, this Court must still consider the merits of the Motion and consider the harm to the public. *Doe v. Smith* 429 F. 3d 706, 710 (7th Cir. 2005). It is respectfully requested that presentment of the Motion be excused unless the Court seeks oral argument.

John Doe is a middle-aged person battling stage IV lung cancer for the last three years, and lives in a one-bedroom duplex.  John Doe has been unable to work in those three years and

---

[5] Pelissier claimed in her declaration that her intention in bringing these lawsuits is not to cause financial hardship. Declaration at ¶19.

frequently travels to Roswell Park Cancer Institute in Buffalo, N.Y. for cancer treatments. Plaintiff is a multimillion dollar production and media company with a team of lawyers, investigators, offshore accounts, and thousands of lawsuits. Plaintiff has accused John Doe of copyright infringement and seeks public disclosure of his personal contact information. John Doe believes, however, that it would be in the interests of justice to allow defendant to proceed anonymously unless and until the case goes to trial.

## II. ARGUMENT

### A. Legal Standard

While a party is required to provide both his/her name and "full residence address" in their first filing with the Court, it is within the discretion of the district court to grant the dispensation of anonymity, *see United States v. Microsoft,* 56 F.3d 1448, 1464 (D.C. Cir. 1995). Despite "this country's strong tradition of access to judicial proceedings," there are situations in which "a party's interest in privacy or confidentiality …outweighs this strong presumption in favor of public access." *See Johnson v. Greater Se. Cmty. Hosp. Corp.,* 951 F.2d 1268, 1277 (D.C. Cir. 1991).

### B. Shame and Embarrassment to Defendant

In many file-sharing cases, courts have recognized that the potential shame and embarrassment of being accused of online piracy is often used as unfair leverage by plaintiffs. *See, e.g. Sunlust Pictures v. Does 1-75,* No. 12-cv-01546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations.") (*citing Hard Drive Productions v. Does 1-48,* No. 11-cv-00962, WL 2196038 (N.D. Ill. June 14, 2012). This is especially true when the court recognized that a

fundamental component of the business-litigation model is the fact that "the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle." *MCGIP, LLC v. Does 1-149,* No. 11-cv-02331, 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011).

Merely being named in a file-sharing case can be damaging. At this point in litigation, plaintiffs have submitted no proof that defendant has committed infringement and yet because they are accused – and because they have been required to file their correct contact information – their reputation may be at permanent risk. Employers, landlords, and other interested parties may identify defendants through publically available information, and in some cases such parties conducting a routine search of potential employees or tenants may discover a defendant's involvement in a file-sharing case entirely by accident. In at least one file-sharing case, a court has *sua sponte* recognized this danger and ordered that all Doe defendants should proceed anonymously until further notice. *See Manny Film, LLC v. Doe,* No. 3:15-cv-00103 (S.D. Ohio 2015), ECF No. 7 (order granting John Doe defendant a protective order to proceed anonymously.)

C. No Harm to the Public

An important consideration in whether to grant a motion to proceed anonymously is whether allowing anonymity would harm the public. See Doe v. Smith 429 F.3d 706 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret.") There is no potential for public harm from the granting of this motion, because anonymity will not substantially affect this proceeding. Doe is merely seeking to proceed under a pseudonym until dispositive motions, and aside from this pseudonym, no aspect of litigation will change. Further, Doe is a defendant facing financial

hardship while battling for his life with Stage IV lung cancer.  Being in a litigation with Malibu
Media is not a bucket list item he wishes to check-off.  He would prefer to focus on his healing.
He is certainly not a plaintiff availing himself of this Court seeking to benefit from this litigation.
. *Malibu Media v. Reynolds*, No. 12-cv-06672 (N.D. Ill. Mar. 7, 2013), ECF No. 51-11. In that
case, involving only the possibility of embarrassment, the Court allowed Doe to proceed
anonymously.

**III.    CONCLUSION**

For the foregoing reasons, Defendant Doe respectfully requests that this Honorable Court
grant leave for Doe to proceed anonymously through dispositive Motions in this action, under
the pseudonym of "Doe 45.46.120.96".

Respectfully submitted,

 /s/ Robert J. Rock, Esq._____
Robert J. Rock, Esq.
NNY Bar No.  601122
Mario Cometti, Esq.
NNY Bar No. 506910
Managing Partner
Tully Rinckey, PLLC
441 New Karner Road
Albany, NY 12205
(518) 218-7100 Phone
(518) 218-0496 Fax
E-mail: rrock@tullylegal.com
E-mail: mcometti@tullylegal.com

*Attorneys for the Defendant*